IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE O. RILEY and TRENA LEEANN RILEY, | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. H-13-0608 |
| WELLS FARGO BANK, N.A., CRESTMARK MORTGAGE CO., LTD., and BARRETT DAFFIN FRAPPIER TURNER and ENGEL, LLP, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION GRANTING DEFENDANTS' MOTIONS TO DISMISS

Pending in this case that has been referred to the Magistrate Judge pursuant to 28 U.S.C.

§ 636(b)(1)(B) is Defendant Wells Fargo Bank N.A.'s Motion to Dismiss (Document No. 5),

Defendant Crestmark Mortgage Company, Ltd.'s Motion to Dismiss for Failure to State a Claim

(Document No. 6) and Defendant Barrett Daffin Frappier Turner and Engel, LLP's Motion to

Dismiss (Document No. 7). Having considered the Motions to Dismiss, the absence of a response

to any of the motions despite being granted an extension of time to do so, the allegations in

Plaintiffs' state court pleading, and the applicable law, the Magistrate Judge RECOMMENDS, for

the reasons set forth below, that Defendants' Motions to Dismiss (Document Nos. 5, 6 and 7) all be

GRANTED and Plaintiff's claims DISMISSED pursuant to FED. R. CIV. P. 9(b), 12(b)(6) for failure

to state a claim.

## I.    Background and Procedural History

On March 5, 2013, Plaintiffs George O. Riley and Trena Leeann Riley ("the Rileys") initiated this suit in the 234th District Court of Harris County, Texas, Cause No. 2013-12909, complaining about the scheduled foreclosure on their residence.  In their state court "Original Petition with Petition for Declaratory Judgment, Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction, Motion to Decide the Rights of the Parties from the Outset, and Other Relief" (referred to hereafter as "Petition"), the Rileys first admitted that they have not made a payment on the Note held by Defendant Wells Fargo Bank, N.A. ("Wells Fargo), which Note is secured by their residence located at 13403 Explorer Drive, Houston, Texas 77044, since June 2012.  The Rileys then alleged that the Note is not valid because it was sold and "securitized into stock," Petition (Document No. 1-3) at 7, and asserted claims against Wells Fargo, the alleged current holder of the Note, Crestmark Mortgage Co., Ltd. ("Crestmark"), the original lender, and Barrett Daffin Frappier Turner and Engel, LLP ("Barrett Daffin"), foreclosure counsel retained by Wells Fargo, for: (1) violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692; (2) slander of title and/or petition to quiet title; (3) fraud and misrepresentation in violation of the Texas Deceptive Trade Practices Act; (4) negligent supervision; (5) common law fraud; and (6) declaratory judgment.

Defendants timely removed the case to this Court on the basis of diversity, and promptly filed Motions to Dismiss, arguing that the Rileys have not stated a claim for which relief may be granted. The Rileys were given additional time to file responses to the Motions to Dismiss, *see* Document No. 15, but have not, to this date, done so.[1]

---

[1] In the Order granting the Rileys an extension of time to file responses to the pending Motions to Dismiss (Document No. 15), the Rileys were given until June 17, 2013, to file responses

## II.    Standard of Review

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the

---

to the pending Motions to Dismiss, and were advised that "Failure to respond by that date will be construed under the Local Rules as non-opposition to the Motions to Dismiss. Additionally, failure to respond may result in dismissal of this action for failure to prosecute." The Rileys failed to meet the filing deadline, failed to file *any* response to the pending Motions to Dismiss, and failed to appear at the Rule 16 Scheduling Conference on August 27, 2013. The Rileys have failed to prosecute this case, and their claims are, alternatively, subject to dismissal pursuant to FED. R. CIV. P. 41(b) for failure to prosecute.

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

### III.   Discussion – Plaintiff's Claims

The Rileys' live pleading is the original state court Petition they filed in the 234th District Court of Harris County, Texas. Attached to that pleading are several exhibits, including a copy of the Deed of Trust, and a copy of a "Loan Modification Agreement" between the Rileys and Wells Fargo, dated January 31, 2011, and signed and acknowledged on May 20, 2011, Exhibit A (Document No. 1-3, at 49-79), a General Warranty Deed with Vendor's Lien, dated October 1, 2007, identifying Perry Homes, LLC as the Grantor, the Rileys as the Grantee, and Crestmark as the Lender, Exhibit B (Document No. 1-3 at 81-84), the original Note, Exhibit "C" (Document No. 1-3 at 86-89), a "Bailment Letter" from Cornerstone Mortgage Company to Wells Fargo Bank, N.A., dated October 9, 2007, referencing a possible purchase of the Note, Exhibit D (Document No. 1-3 at 91-92), a Notice of Foreclosure Sale by the Substitute Trustee on behalf of Wells Fargo, Exhibit E (Document No. 1-3 at 94-95), a copy of § 193.001 of the Texas Local Government Code, Exhibit F (Document No. 1-3 at 97-98), Wells Fargo's October 16, 2012, Appointment of Substitute Trustee, Exhibit G (Document No. 1-3 at 100-101), and copies of three pages from the MERS Systems Procedures Manual, Exhibit H (Document No. 1-3 at 103-106). The documents attached to the Rileys' Petition are incorporated into the Petition, *see* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"), and can be

considered in connection with Defendants' Rule 12(b)(6) Motions to Dismiss. *United States ex. rel.*

*Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 375 (5th Cir. 2004).

### A.    Federal Debt Collection Practices Act Claim

In their first claim, for violations of the Federal Debt Collection Practices Act ("FDCPA"),

the Rileys allege:

> 10.3  Defendants misrepresented the character and legal status of the unlawful debt in violation of 15 USC 1692(1)(2), by sending false correspondence to plaintiff and third persons and assisting in the filing of an unlawful foreclosure action in county court.

> 10.4  Defendants threatened to take and did take actions that they could not legally take without the ruse and falsities committed upon the plaintiff in violation of 15 USC 1692(e)(5).

> 10.5  Defendants engaged in conduct that disgraced the plaintiff in violation of 15 USC 1962(2)(7), by sending false correspondence to plaintiff and third persons and assisting in the filing of the unlawful foreclosure action in county court.

> 10.6  Defendants stated numerous times that they were the lawful owners in interest of the debt or empowered to speak on behalf of the owners in interest, yet they knew or should have known that they were not, and as such violated 15 USC 1692(e)(5).

> 10.7  All defendants engaged in unfair and deceptive means and attempts to collect the alleged debt in violation of 15 USC 1692(f)(1).
> Defendants attempted to collect the alleged debt in a manner and amount not authorized by the original MORTGAGE and Note in violation of 15 USC 1692(f)(1).

> 10.8  Defendants threatened to unlawfully repossess the property in violation of 15 USC 1692(f)(8).

Petition (Document No. 1-3) at 19-20.  The Rileys do not, with their FDCPA claim, or any of their

other claims, identify the conduct attributable to Wells Fargo, Crestmark, or Barrett Daffin.

As shown by the exhibits attached to the Rileys' Petition, particularly the Loan Modification

Agreement that the Rileys entered into with Wells Fargo in 2011, Wells Fargo is both the Note

holder and the mortgage servicer of the Note secured by the Rileys' residence.[2]   That Loan

Modification Agreement provides:

> This Loan Modification Agreement ("Agreement"), made this 31ST day of
> JANUARY, 2011, between GEORGE O. RILEY AND TRENA LEEANN RILEY,
> HUSBAND AND WIFE ("Borrower") and WELLS FARGO BANK, N.A.
> ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security
> Deed (the "Security Instrument") dated SEPTEMBER 26, 2007 and recorded in
> Instrument No. 20070596419 of the Official Records of HARRIS COUNTY,
> TEXAS, and (2) the Note, bearing the same date as, and secured by, the Security
> Instrument, which covers the real and personal property described in the Security
> Instrument and defined therein as the "Property", located at 13403 EXPLORER
> DRIVE, HOUSTON, TEXAS 77044.

Exhibit A to Petition (Document No. 1-3) at 70.  As the Note holder and the mortgage servicer,

Wells Fargo, which obtained the Note prior to the Riley's default in 2012, is not a debt collector

within the meaning of the FDCPA.  *See Montgomery v. Wells Fargo Bank, N.A.*, 459 F. App'x 424,

428 n. 1 (5th Cir. 2012) (plaintiff's "FDCPA claim fails because mortgage lenders are not 'debt

collectors' within the meaning of the FDCPA."); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208

(5th Cir. 1985) ("a debt collector does not include the consumer's creditors, a mortgage servicing

company, or an assignee of a debt, as long as the debt was not in default at the time it was

assigned").  Therefore, the Rileys have not, and cannot, state a claim against Wells Fargo for

violations of the FDCPA.

As for Crestmark, the exhibits attached to the Rileys' Petition, and the Rileys' own

allegations, show that Crestmark was the original lender, but almost immediately sold the Note.

Petition (Document No. 1-3) at 5.  Although the Rileys allege that the original Note was invalid

---

[2] While the Rileys allege that "[n]o evidence exists to support the claim that Wells Fargo
Bank, N.A. is the holder-in-due-course of the Note at issue in this Action," Petition (Document No.
11-3) at 12, the 2011 Loan Modification Agreement attached to the Rileys' Petition clearly and
unequivocally identifies Wells Fargo as the "Lender."  Exhibit A (Document No. 1-3) at 70-79.

because Crestmark did not fund the Note, and that Crestmark technically remains the Note holder because there is no documentation showing that Crestmark assigned or transferred the Note, those allegations are not worthy of any credit given the contents of the 2011 Loan Modification Agreement, which agreement reflects a loan modification entered into by the Rileys, as borrower, with Wells Fargo, as lender. *See Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974) (internal citations omitted) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint."), *cited with approval in, Carter v. Target Corp.*, No. 13-30213, ___ F. App'x ___, 2013 WL 5509164 *3 (5th Cir. Oct. 4, 2013).  Moreover, even if the Rileys' allegations were fully credited, as set forth above in connection with Wells Fargo, Note holders are not debt collectors within the meaning of the FDCPA.   Accordingly, the Rileys have not, and cannot, state a claim against Crestmark for violations of the FDCPA.

Finally, with respect to Barrett Daffin, the Rileys allege in their Petition that Wells Fargo "appointed Rex Kessler among others of the law firm Barrett Daffin Frappier Turner and Engell, LLP as substitute trustee . . . and that [t]hrough the actions of Rex Kessler and others of Barrett Daffin Frappier Turner and Engell, LLP a notice of default and subsequent notice of substitute trustee's sale was posted in Harris County Public Records." Petition (Document No. 1-3) at 16, 17. The Rileys do not allege how Barrett Daffin is a debt collector within the meaning of the FDCPA or how Barrett Daffin's status as a substitute trustee makes them a debt collector.   Given the absence of any allegations against Barrett Daffin to support a FDCPA claim, the Rileys have not stated a claim against Barrett Daffin for violations of the FDCPA.

7

Accordingly, the Rileys' FDCPA claims against Wells Fargo, Crestmark and Barrett Daffin should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

**B.    Slander of Title/Quiet Title Claim**

In their second claim, for slander of title/to quiet title, the Rileys allege that:

11.4  The defendants have knowingly and maliciously communicated, in writing, false statements that have the effect of disparaging the title to [the] property. The plaintiff has incurred special damage as a result.

11.5  Wells Fargo Bank, N.A. has no legally enforceable claim, interest, or standing title and should be quieted under Texas law.

11.6  Plaintiffs are the rightful owners of the subject property.

11.7  Plaintiffs are the legal title holders to the property.

11.8  MERS, Wells Fargo Bank, N.A., Barrett Daffin Frappier Turner and Engel LLP, have knowingly and unlawfully caused a cloud to be recorded against the title of the property and have caused to be sent notices of default and foreclosures, and have served and filed mortgage documents that claim an interest in the property of the plaintiff.

11.9  Any purported transfer of any interest in the real estate was wrongful and invalid because the endorsements, assignments, foreclosures or purported foreclosures were invalid and were not conducted in accordance with the Laws of Texas.

11.10  MERS, Wells Fargo Bank, N.A., Barrett Daffin Frappier Turner and Engel LLP, knew or should have known that such transfers were wrongful and invalid and the publication of an ownership interest in the property is, therefore false.

11.11  The recording of the mortgages published the information to third parties.

Petition (Document No. 1-3) at 21-22).

**1.    Slander of Title**

In Texas, "'[s]lander of title is defined as a false and malicious statement made in disparagement of a person's title to property which causes special damages. " *Elijah Ragira/VIP*

8

*Lodging Group, Inc. v. VIP Lodging Group, Inc.*, 301 S.W.3d 747, 758 (Tex. App.–El Paso 2009, review denied). The elements of a slander of title claim include "the uttering and publishing of disparaging words that were false and malicious, that special damages were sustained, and that the injured party possessed an interest in the property disparaged. Further, the complaining party must demonstrate the loss of a specific sale." *Id.* at 759.

The Rileys' pleading contains no allegations to support a slander of title claim against Defendants. All the Rileys' pleading contains are broad legal conclusions that Defendants' "knowingly and maliciously communicated, in writing, false statements that have the effect of disparaging the title to [the] property actions." There is no allegation as to any particular false statement, and no allegations that the Rileys lost any sale as a result of any disparaging statement. While the Rileys generally allege that Wells Fargo has no claim to the property, and that any transfer or assignment of the Note and/or Deed of Trust was invalid, any slander of title claim based on Wells Fargo's lack of interest in the property fails given the existence of the 2011 Loan Modification Agreement between the Rileys and Wells Fargo.

Because there are no facts to support the Rileys' slander of title claim, and because the 2011 Loan Modification Agreement shows how Wells Fargo, as lender, has an interest in both the Note and the Deed of Trust, the Rileys have not stated a slander of title claim.

### 2.    Quiet Title

"A suit to clear title or quiet title– also known as a suit to remove cloud from title – relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App. – Houston [1ˢᵗ Dist.] 2012). The cause of action, which is an equitable one under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to

legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.–Houston [1ˢᵗ Dist.] 2009, review denied) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)).  The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. " *U.S. Nat. Bank Ass'n v. Johnson*, 2011 WL 6938507 *3 (Tex. App.–Houston [1ˢᵗ Dist.] 2011).  At its most basic, however, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Id.*  A plaintiff can only recover on a quiet title claim by establishing the strength of his own title; attacking the weakness of the defendant's title will not suffice.  *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.–Corpus Christi 2001) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not on the weakness of his adversary's title.").

The Rileys have not alleged any creditable facts that would support a quiet title claim.  While the Rileys do allege that Wells Fargo has no interest in the Note or the Deed of Trust, the 2011 Loan Modification Agreement, which the Rileys attached as a exhibit to their Petition, shows otherwise.  Based on that 2011 Loan Modification Agreement, which states that it amends and supplements the original note, and is between the Rileys and Wells Fargo, the Rileys cannot show the strength of their title vis-a-vis Wells Fargo.  As such, they have not stated a quiet title claim.

### C.   Texas Deceptive Trade Practices Act Claim

In a fraud/misrepresentation claim premised on violations of the Texas Deceptive Trade Practices Act ("Texas DTPA"), the Rileys allege:

> 12.2 In 2012 defendants intentionally instituted unlawful foreclosure against plaintiff based upon fraudulent documents filed in the Harris County Property Records.

12.3  Th deceptive acts of the defendants and their employees and agents resulted in a multitude of misrepresentations, including but not limited to the true identity of their lender, and the fraudulent misrepresentation as to the mortgagee.

12.4  The defendants induced the plaintiffs to enter into the transaction when there existed in the inducement and execution material misrepresentations that were false and were known to be false or were make recklessly, which inducement was reasonably acted upon by plaintiff and acted upon in reliance thereon and plaintiffs have suffered injury proximately due to such.

12.5  The scheme employed by defendants intentionally had the capacity and tendency to deceive plaintiff, and did deceive plaintiffs and the clerk of the court.

12.6  The acts of the defendants violated standards of fair practices and affected commerce.  As a result of the defendants' unfair and deceptive trade practices, plaintiffs were proximately injured in their business and their persons.

Petition (Document No. 1-3) at 23-24.

The Rileys' claim, premised on Defendants' violation of the Texas DTPA, fails as a matter of law.  The Texas DTPA does not apply in the consumer mortgage context to "pure  loan transaction[s]," as is at issue in this case.  *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013); *Comeaux v. JPMorgan Chase Bank, N.A.*, No. H-13-2701, 2013 WL 5852429 *2 (S.D. Tex. 2013) ("Under the DTPA, the lending of money is not 'goods or services' for purposes of consumer status."); *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 160 (Tex. App.–Fort Worth 2007) ("Generally, a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service").  The Rileys have, accordingly, failed to state a claim against Wells Fargo, Crestmark or Barrett Daffin for violations of the Texas DTPA.

### D.  Negligent Supervision Claim

In their negligent supervision claim, the Rileys allege that Defendants "had a duty of care to supervise the actions of their employees and agents," that "Defendants' employees and/or agents' actions . . . were unlawful and violated plaintiff's property rights," and  that "Defendants knew or

11

should have known that their employees and/or agents were acting unlawfully." Petition (Document No. 1-3) at 25.

To state a claim for negligence under Texas law a plaintiff must allege "'a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach.'" *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (quoting *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)).   Similarly, to state a claim for negligent supervision, a plaintiff must allege that the defendant owed him a legal duty to supervise its employees, that the defendant breached that duty, and that the breach proximately caused the plaintiff's damages. *Knight v. City Streets, LLC*, 167 S.W.3d 580, 584 (Tex. App. – Houston [14th Dist.] 2005).  The existence of a legal duty as between the plaintiff and the  defendant is essential to any negligence based claim.

In the mortgage context, there is, as a matter of law, no such legal duty that would give rise to a negligence claim.  *FDIC v. Coleman*, 795 S.W.2d 706, 709 (Tex. 1990); *Hutchinson v. Bank of America, N.A.*, No. H-12-3422, 2013 WL 5657822 *7 (S.D. Tex. Oct. 16,  2013) (because the only relationship between a mortgagor and a mortgagee is contractual in nature, any duty owed "is also contractual and cannot for the basis of a tort [negligence] claim").  The Rileys, therefore, have not, and cannot, state a negligent supervision claim.

### E.      Fraud Claim

In their fifth claim, for common law fraud, the Rileys allege in their Petition:

14.1  The publicly filed false mortgage assignment enabled all the defendants to perpetuate the fraudulent foreclosure.  Defendant Wells Fargo also supplied a copy of a forged note to plaintiff though the note does not show the proper chain of endorsement on it to prove up the note.

14.2    All  of  the  defendants  knew  or  should  have  known  the  material misrepresentations were false.

14.3 The material representations to the plaintiff were made so that the court and the plaintiff would believe that the defendants had a legitimate claim in the property. The plaintiff relied on such and the plaintiff was injured as a result with the facing of foreclosure litigation.

14.4 Defendants fraudulently concealed their wrongdoings and prevented plaintiff from discovering their cause of action.

14.5 Plaintiff have been injured by the fraud by the defendants and have remained in ignorance of it without any fault or []want of diligence or care on their part.

14.6 Defendants made many misleading statements that the loan contained terms desirable to the consumer when it did not.

14.7 Defendant's use of deceit or trickery caused Plaintiffs to act to their disadvantage.

Petition (Document No. 1-3) at 26-27.

A common law action for fraud in Texas requires proof of "(1) a misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). In addition, in pleading a cause of action for fraud, FED. R. CIV. P. 9(b) requires a party to "state with particularity the circumstances constituting fraud." That entails setting forth the "particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Tuchman v. DCS Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir.) (quoting *Tel-Phonic Services, Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)), *reh'g and reh'g en banc denied*, 20 F.3d 1172 (5th Cir. 1994).

Here, the Rileys' allegations fall far short of Rule 9(b)'s requirements. There are no allegations as to the substance of any misrepresentation, and no allegations as to who, when, or where any misrepresentation was made. While the Rileys do allege that "misrepresentations" were

made, that Defendants' knew the representations were false, and that they relied on the representations to their detriment, such allegations are nothing more than a recitation of the legal elements to support a claim, and cannot be credited when determining whether a plaintiff has stated a claim within the meaning of Rule 12(b)(6). *Twombly*, 550 U.S. at 545. Moreover, the only *factual* allegation supporting their fraud claim that can be gleaned from the Rileys' Petition is that the Defendants are using a "forged" note and cannot establish a proper chain of title. Again, however, such allegations are inconsistent with the terms of the 2011 Loan Modification Agreement the Rileys entered into with Defendant Wells Fargo, and cannot be credited. The Rileys' fraud claim is therefore subject to dismissal pursuant to FED. R. CIV. P. 9(b), 12(b)(6).

### F.    Declaratory Judgment Claim

In their Declaratory Judgment claim, the Rileys "petition the court pursuant to the Declaratory Judgment Act, Chapter 37, of the Civil Practice and Remedies Code, for a declaration of the invalidity of certain documents and claims of defendant and quiet title in Plaintiff and for damages from (1) defendants' false statements regarding plaintiffs' title and (2) fraudulent liens that defendants have filed against plaintiffs' property." Petition (Document No. 1-3) at 21. In addition, the Rileys seek "a declaratory judgment against defendants stating that defendants have violated rights and that the defendants had and have no right to hold mortgages in the name of Wells Fargo Bank, N.A., and/or foreclose on the property and that the defendants are entitled to no further payments from plaintiff or recognition in title to Plaintiff's their property." Petition (Document No. 1-3) at 23.

A declaratory judgment claim cannot stand alone; instead, the "Texas Uniform Declaratory Judgments Act, TEX.CIV.PRAC. & REM.CODE ANN. § 37.001 *et seq.* (Vernon 1986), is merely a

procedural device; it does not create any substantive rights or causes of action." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.* 99 F.3d 746, 752 n. 3 (5th Cir. 1996). Where all the substantive, underlying claims have been dismissed, a claim for declaratory judgment cannot survive. *Ayers v. Aurora Loan Services, L.L.C.*, 787 F.Supp.2d 451, 457 (E.D. Tex. 2011) (dismissing claim for declaratory judgment where all underlying substantive claims had been dismissed); *Valdez v. Federal Home Loan Mortgage Corp.*, 2011 WL 7068386 *3 (N.D. Tex. 2011) (where Plaintiff failed to state a claim for trespass to try title and to quiet title, Plaintiff's claims for declaratory and injunctive relief were also subject to dismissal under Rule 12(b)(6)); *James v. Wells Fargo Bank, N.A.*, 2012 WL 778510 *4 (N.D. Tex. 2012) (dismissing claim for declaratory relief where the "arguments for declaratory relief are unsupported by the facts alleged").

Here, given that the Rileys' substantive claims – for violations of the FDCPA, for violations of the Texas DTPA, for slander of title, to quiet title, for negligent supervision, and for fraud – are all subject to dismissal under Rules 9(b), 12(b)(6), the Rileys' claim for declaratory relief must be dismissed as well.

## IV.    Discussion – Amendment

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

15

Here, the record does not support allowing an amendment. The record shows that the Rileys did not file a response to any of the three Motions to Dismiss, despite being given an extension of time to do so, did not appear for the Rule 16 Conference, and have not sought leave to amend their pleading. While the Rileys have alleged, throughout their Petition, that any assignment of the Note and/or Deed of Trust was invalid, such challenges to the assignment of the Note and Deed of Trust cannot support any of their claims given the existence of the 2011 Loan Modification Agreement between the Rileys and Defendant Wells Fargo. That Loan Modification Agreement, by its own terms, amended and supplemented the original Note, and renders any preceding assignment of the Note irrelevant.

Based on the contents of the 2011 Loan Modification Agreement, as well as the Rileys' admissions in their Petition that they haven't made a payment on their mortgage since June 2012, there is no reasonable likelihood that the Rileys, if given an opportunity to amend, could state a plausible claim against any of the Defendants. Leave to amend should therefore not be given.

## V.    Conclusion and Recommendation

Based on the foregoing, and the determination that Plaintiffs has not stated a claim for which relief may be granted as against Defendants Wells Fargo, Crestmark or Barrett Daffin, and that leave to amend should not be granted, the Magistrate Judge

RECOMMENDS that Defendants' Motions to Dismiss (Document Nos. 5, 6 and 7) all be GRANTED and Plaintiffs' claims DISMISSED pursuant to Rules 9(b) and 12(b)(6) for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this _____ day of November, 2012.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE

17