IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE O. RILEY and TRENA LEEANN RILEY, § § § Plaintiffs, § § VS. § § WELLS FARGO BANK, N.A., § CRESTMARK MORTGAGE CO., LTD., § and BARRETT DAFFIN FRAPPIER § TURNER and ENGEL, LLP, § § Defendants. § | | CIVIL ACTION NO. H-13-0608 |

## OPINION AND ORDER OF DISMISSAL

Pending before the Court in the above referenced action arising out of foreclosure on Plaintiffs George O. Riley and Trena Leeanne Riley's property at 13403 Explorer Drive, Houston, Texas 77044, are three unanswered motions to dismiss for failure to state a claim filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo")(instrument #5), Crestmark Mortgage Company, Ltd. ("Crestmark")(#6), and Barrett Daffin Frappier Turner & Engel, L.L.P. ("Barrett Daffin") (#7); United States Magistrate Judge Frances Stacy's memorandum and recommendation that the Court grant these motions for failure to state a claim under Federal Rules of Civil Procedure 9(b) and 12(b)(6)(#21), entered on November 21, 2013; Plaintiffs' objections (#24); Barrett Daffin's Response to Plaintiffs' objections; Wells Fargo's Response (#26); and Crestmark's Response (#27).

Plaintiffs have asserted claims for violations of the Federal Debt Collection Practices Act, slander of title/to quiet title, fraud/misrepresentation grounded in violations of the Texas Deceptive Trade Practices Act, negligent supervision of employees and

agents, and common law fraud.  Despite the fact that they did not file a response to any of the three motions to dismiss, although granted an extension of time to do so, they have filed an objection to the Magistrate Judge's memorandum and recommendation, which the Court review *de novo*.

On June 3, 2013 Plaintiffs filed a Chapter 13 Petition in the United States Bankruptcy Court, Houston Division, Case No. 13-33482.  Thus Plaintiff's sole objection to the Magistrate's memorandum and recommendation is that the automatic stay under 11 U.S.C. § 362 immediately went into effect and stayed all proceedings against them and all causes of action existing at the commencement of the bankruptcy action become property of the bankruptcy estate.  11 U.S.C. § 541(a)(the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case"); *In re Swift*, 129 F.3d 792, 795 (5th Cir. 1997); *Drew v. Anderson*, 988 F.2d 1212 (5th Cir. 1993).  They note that Wells Fargo, represented by Barrett Daffin, filed a Proof of Claim in the bankruptcy case on September 4, 2012.  Plaintiffs insist that Wells Fargo should not be allowed to proceed in two separate courts seeking its remedy.  They maintain that this Court should abate further proceedings until the bankruptcy court rules and the Chapter 13 plan is confirmed.

As a matter of law, and by its own terms, as argued by Wells Fargo, the automatic stay under 11 U.S.C. § 362(a) only stays proceedings brought **"against** the debtor."  This suit is a proceeding brought **by** the debtor.  *In re Versoy*, 306 Fed. Appx. 65, 68-69 (5th

Cir. Jan. 5, 2009), *citing McMillan v. MBank Fort Worth, N.A.*, 4 F.3d 362, 366 (5th Cir. 1993).  Therefore the Court overrules Plaintiffs' objection.  Furthermore as pointed out by Crestmark on December 30, 2013 the bankruptcy judge issued an an order abating the Rileys' amended objection to Wells Fargo's proof of claim and "ORDERED that the Objection is hereby abated pending a final ruling by Judge Melinda Harmon on the Defendants' Motion to Dismiss that is pending in Civil Action No. H-13-0608." (#27, Ex. 1)

Moreover after reviewing the Magistrate Judge's memorandum and recommendation and the applicable law, the Court fully agrees with her findings and conclusions.

Accordingly for the reasons stated above, the Court

ORDERS that Plaintiffs' objection (#24) to the Magistrate Judge's memorandum and recommendation is OVERRULED.  The Court further

ADOPTS the memorandum and recommendation is its own and ORDERS that Defendants' motions to dismiss (#5, 6, and 7) are GRANTED and that all Plaintiffs' claims against Defendants are DISMISSED for failure to state a claim under Rules 9(b) and 12(b)(6).

**SIGNED** at Houston, Texas, this  8th  day of  January , 2014.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE