IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE O. RILEY and TRENA LEEANN RILEY, | § § § | |
| Plaintiffs, | § § § | |
| VS. | § § | CIVIL ACTION NO. H-13-0608 |
| WELLS FARGO BANK, N.A., CRESTMARK MORTGAGE CO., LTD., and BARRETT DAFFIN FRAPPIER TURNER and ENGEL, LLP, | § § § § § § | |
| Defendants. | § | |

**ORDER**

Pending before the Court in the above referenced action is now *pro se* Plaintiffs George O. Riley and Trena Leeann Riley's motion for new trial [and] motion to amend dismissal pursuant to Federal Rule of Civil Procedure 59, and, alternatively, Federal Rule of Civil Procedure 60 (instrument #34) and United States Magistrate Judge Frances Stacy's memorandum and recommendation (#34) that the motion be denied.

Plaintiffs have not filed any objections to the memorandum and order. Defendant Daffin Frappier Turner & Engel, L.L.P. objects that Plaintiffs are currently represented by council and their *pro se* motion should be stricken because it violates Federal Rule of Civil Procedure 11 and Local Rule 11.[1] As for Rule 59, Plaintiffs fail to demonstrate a manifest error of law or fact or present newly discovered evidence, but merely improperly rehash their previous arguments. #30. Defendant Crestmark Mortgage Company, Ltd. objects also to Plaintiffs' improper rehashing of previous arguments under Rule 59.

---

[1] Plaintiffs argue that they can and have dismissed their attorney. #33.

Findings of the Magistrate Judge in a memorandum and recommendation to which no specific objections are made require the Court only to decide whether the memorandum and recommendation is clearly erroneous or contrary to law. *Id., citing U.S. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Plaintiffs counsel is required to move for leave to withdraw, but has not done so. Regardless, the Magistrate Judge notes that the Rileys' claims were fully considered on the merits in her memorandum and recommendations of November 21, 2012, that this Court overruled objections made to that memorandum and recommendation by Plaintiffs' counsel, and that this Court adopted the memorandum and recommendation as its own and denied the three motions to dismiss that it addressed. Now in their motion for new trial, Plaintiffs seek to relitigate those claims *pro se,* complain that their attorney was incompetent, and assert new and untimely objections to the November 21, 2013 memorandum and recommendation.

This Court finds that the Magistrate Judge correctly summarized the applicable law and properly applied it to the facts here. Accordingly, the Court

> ADOPTS the memorandum and recommendation as its own and
> ORDERS that Plaintiffs' motion for new trial is DENIED.
> **SIGNED** at Houston, Texas, this 3rd day of June, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE