IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GEORGE RILEY AND TRENA RILEY** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **C.A. No.  4:13-cv-608** |
| | § | |
| | § | |
| **WELLS FARGO BANK, N.A.,** | § | |
| **CRESTMARK MORTGAGE** | § | |
| **COMPANY, LTD., BARRETT DAFFIN** | § | |
| **FRAPPIER TURNER AND ENGEL, LLP** | § | |
| **Defendants.** | § | |

**Defendant Wells Fargo Bank, N.A.'s**
**Response to "Motion to Retain Case on Docket"**

This Court should deny the terse and unsupported Motion to Retain Case on Docket and Notice of Hearing filed on March 25, 2019 by pro se Plaintiffs George and Trena Riley.  (Doc. No. 40, the "Motion.")  This one-page preprinted form cites no rule or legal authority.  It gives no legal basis or explanation.  Its handwritten reference to "new evidence" is the same meritless argument this Court already rejected in its March 25, 2019 order.  (Doc. No. 39.)

It is virtually impossible that this Court would ever grant a motion with no legal or evidentiary support and no new arguments, but Defendants file this Response because this Court's local rules presume that a motion is unopposed if no response is filed.  SDTX LR 7.4.  Accordingly, Defendant Wells Fargo Bank, N.A. ("Wells Fargo") files this Response and urges this Court to deny the Motion.

1

**Background**

    This Motion is merely the latest installment in years of litigation regarding the foreclosure of a property.[1]  The Rileys filed three meritless lawsuits and appealed all the way to the United States Supreme Court, without success.  The Rileys' most recent effort urged this Court to modify the judgment entered in 2014 in this lawsuit (the Rileys' second), which was never appealed, based on alleged "new evidence" regarding events occurring years later and after the property was sold at foreclosure sale.  (*See* Doc. No. 37.)  This Court denied the motion on March 25, 2019, before Wells Fargo filed a response.  (Doc. No. 39.)  This Court's order rightly recognized that the "bill of review" sought by the Rileys has been abolished, and that the plaintiff sought a variety of relief that was plainly barred by the one-year time limit for filing motions under Rule 60.  (*Id*.)

    Ten minutes after this Court electronically distributed its order, Plaintiff George Riley filed this "Motion to Retain Case on Docket."  (Doc. No. 40.)  It consists of handwritten entries on a form that cites no law or rule to explain the basis for the relief that it seeks, and it asserts only that "new evidence has come to light in this case that changes the facts alleged by defendant."  (*Id*.) Mr. Riley's spurious claims of "new evidence" were alleged in Plaintiffs' Rule 60 motion, and therefore have already been considered and denied by this Court.  (Doc. No. 37, 39.)  This Response urges this Court to deny this terse, unsupported "Motion to Retain Case On Docket."

    On April 2, Plaintiffs filed another, lengthier motion titled "Motion for Reconsideration under FRCP 59(e) Of The Order (Doc. No. 39) Denying Their Motion to Alter Amend Or Modify The Prior Judgment Of Dismissal."  (Doc. No. 41.)  Wells Fargo opposes this second motion as well, and will file a response separately on or before the response deadline for that motion.

---

[1] Document 1, Ex. 1-3, at "Exhibit E" (p. 94).

**Argument in Response**

I.   **This Court Should Deny The Motion Because The Rileys Cite No Authority For The Requested Relief**

First, the Court should deny the Motion because the Rileys have not cited any authority supporting their request that the case be retained on the docket. *Kohler v. Englade*, 470 F.3d 1104, 1114 (5th Cir. 2006) (noting that when plaintiff's theory was offered in a motion "only vaguely and without citation to any authority, he did not properly raise the argument for the district court."). "An argument must be raised to such a degree that the district court has an opportunity to rule on it." *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 340 (5th Cir. 2005). Here, the Rileys have simply failed to do so because they cite no authority in support of their request. Additionally, in citing no authority, the Rileys have failed to comply with this Court's Local Rules. SDTX LR7.1(B) ("Opposed motions shall … Include or be accompanied by authority"). Because the Rileys did not adequately brief a legal argument or comply with the Local Rules, this Court should deny the motion.

II.   **This Court Should Deny The Motion Because The Rileys Provide No Reasoning In Support Of The Requested Relief**

This Court should also deny the Motion because the Rileys present no reasoning or argument why the case should be retained.[2] Because the Rileys cite no legal authority in their motion, it is somewhat unclear what relief they actually seek. To the extent the Motion could be construed as a motion for reconsideration under Rules 59 or 60 of the Federal Rules of Civil Procedure, the Rileys' claim of new evidence are improper because "[n]either a Rule 59 nor a Rule 60 motion provides the proper vehicle for rehashing old arguments." *Securities and Exchange*

---

2

*Commission v. Kaleta*, No. 4:09-cv-3674, 2018 WL 2735421, at *4 (S.D. Tex. June 7, 2018) (quoting *Resolution Trust Corp. v. Homes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994)).

The Motion contains the handwritten assertion that "[n]ew evidence has come to light." This, however, does nothing more than restate the factual theory already presented in the Rule 60 motion that this Court considered and denied.  As this court has previously rejected the Rileys' new evidence arguments and the Motion fails to offer any additional argument or grounds upon which this court could grant relief, the motion should be denied. *Kaleta*, 2018 WL 2735421, at *4; *see also QT Trading, LP v. M/V SAGA MORUS*, No. 4:09-702, 2010 WL 2573206, at *1 (S.D. Tex. June 22, 2010) (denying motion for reconsideration when "Plaintiff … made no argument or showing that reconsideration [was] warranted").

Additionally, the Rileys' failure to provide any argument or reasoning in their motion further supports Wells Fargo's contention that the Rileys have not adequately raised an argument for this Court to decide. *See Kohler*, 470 F.3d at 114 (affirming district court's denial of Rule 59 motion when arguments were not properly raised to the district court).  Because no argument has been adequately raised to this Court and the Rileys have offered no grounds upon which relief should be granted, this Court should deny the Motion.

## **Conclusion**

Because the Rileys "provide[ ] no evidence, no argument, and no authority in support of [their] claim … there is nothing to decide" and accordingly, this Court should deny the Rileys' Motion to Retain Case on Docket. *Hudson v. Univ. of Texas Med. Branch,* No. C-08-254, 2012 WL 12985912, at *1 (S.D. Tex. Aug. 9, 2012).

Dated: April 15, 2019

        Respectfully submitted,

        LOCKE LORD LLP

        By:   /s/ *Robert T. Mowrey* by perm CD
           ROBERT T. MOWREY
           State Bar No. 14607500
           Southern District No. 9529
           2200 Ross Avenue, Suite 2200
           Dallas, Texas 75201-6776
           (214) 740-8000 – *telephone*
           (214) 740-8800 – *facsimile*

        **ATTORNEY-IN-CHARGE FOR DEFENDANT WELLS FARGO BANK, N.A.**

OF COUNSEL:

Chris Dove
State Bar No. 24032138
Southern District No. 37989
LOCKE LORD LLP
600 Travis St., Suite 2800
Houston, TX 77002
Telephone: (713) 226-1200
Telecopier: (713) 223-3717


Jennifer Kinney Parnell
State Bar No. 24055779
Southern District No. 943891
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 – *telephone*
(214) 740-8800 – *facsimile*

5

**Certificate of Service**

I hereby certify that this Response was electronically filed with the district court on April 15, 2019 and was electronically served on the counsel below, and was e-mailed to the pro se Appellants on the same date with paper copies sent via United States Mail:

George O. Riley
6326 Hedge Maple Court
Humble, TX  77346
griley0929@gmail.com

Trena L. Riley
506 Geri Drive
Copperas Cove, TX  76522
trelame@live.com
*Pro se Plaintiffs*

Thomas G. Overbeck
GREGG & VALBY
1700 West Loop S., Suite 200
Houston, TX  77027
toverbeck@gregg-valby.com
*Attorney for Defendants Crestmark Mortgage Co. and Cornerstone Home Lending, Inc.*

Steven A. Leyh
LEYH, PAYNE & MALLIA, P.L.L.C.
9545 Katy Fwy.. Suite 200
Houston, TX  77024
sleyh@lpmfirm.com
*Attorneys for Defendant Barrett Daffin Frappier Turner & Engel, L.L.P.*

    /s/ Chris Dove
    Chris Dove